UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RANDY SCOTT LINGELBACH, JR.,

        Plaintiff,

v.                            Case No. 3:19-cv-457-J-39MCR

JASON SMITH, et al.,

        Defendants.

_____

**ORDER**

Before the Court are Plaintiff's motions to compel Defendants to provide adequate or better responses to his requests for admissions and documents (Docs. 30-32).

In his amended complaint (Doc. 7; Am. Compl.), Plaintiff alleges Defendants Smith, Kopinski, and Lee, officers with the Fernandina Beach Police Department (FBPD), violated his Fourth Amendment rights when they arrested him on April 27, 2015. See Am. Compl. at 3, 5. Plaintiff alleges Defendants, each in their own police cars, chased Plaintiff in his truck after receiving a report that Plaintiff robbed a store. Id. at 5. When Plaintiff's truck allegedly became stuck in a ditch, Defendant Smith approached the driver's side door and opened it. Id. at 6. The door immediately closed (allegedly because of the incline of the ditch), and Defendant Smith fired shots into the driver's side window. Id. at 7. Two shots hit Plaintiff's head. Id. After officers pulled

Plaintiff from his truck, they allegedly tased him. Id. Plaintiff alleges Defendant Smith used excessive force, and Defendants Kopinski and Lee failed to intervene. Id. at 5, 7, 9.

In Plaintiff's three motions to compel, he asserts Defendants' responses to his "discovery requests were insufficient, obstructive, and unethical." See Docs. 30-32 at 1. Plaintiff contests Defendant Lee's responses to seven requests for admissions, see Doc. 30 at 1-3; Defendant Smith's responses to twenty-nine requests for admissions and ten requests for production, see Doc. 31 at 1-3, 5-6, 7-9, 10-13, 16-18, 20-21; and Defendant Kopinski's responses to twelve requests for admissions and one request for production, see Doc. 32 at 1-4, 8. Defendants have responded to the motions (Docs. 33-35).

**Mootness**

Plaintiff disputes Defendant Kopinski's reliance on work-product and attorney-client privileges in response to his request for production #19. See Doc. 32 at 8. In response, Defendant Kopinski says he mistakenly referenced a document in his privilege log as being responsive to request for production #19. See Doc. 34 at 7-8. Defendant Kopinski amended his response to Plaintiff indicating he has no documents responsive to the request. Defendant Kopinski also sent Plaintiff the document he mistakenly referenced in his original response. Id. at 9. Thus, Plaintiff's motion is moot as to this request.

2

Plaintiff's motion as to Defendant Smith's responses is moot in its entirety. After receiving Plaintiff's motion, Defendant Smith served amended responses to Plaintiff's requests for production and admissions. See Docs. 35, 35-1, 35-2. Because the discovery-motions deadline has passed, the Court will set a deadline by which Plaintiff may submit a motion to compel if he finds Defendant Smith's amended responses deficient under the Federal Rules of Civil Procedure.[1]

### Requests for Admissions

Defendants Lee and Kopinski object to Plaintiff's motions on the grounds that Plaintiff did not comply with Local Rule 3.01(g) (good-faith conferral requirement) and they appropriately responded to Plaintiff's requests for admissions. See Doc. 33 at 1, 3; Doc. 34 at 1, 4.

Defendants' argument that Plaintiff's motions should be denied under Local Rule 3.01(g) is not well taken. Plaintiff certifies in each motion that he mailed a letter to Defendants' counsel regarding the discovery dispute but was unable to await a response because the deadline to file discovery motions was approaching. See Doc. 30 at 6-7; Doc. 32 at 13. While Plaintiff did not afford defense counsel time to respond to him before the

---

[1] The deadline to file discovery motions was April 2, 2020. See Order (Doc. 29).

deadline, given that Plaintiff is incarcerated and proceeding pro se, the Court affords him some leeway.

Under Rule 36 of the Federal Rules of Civil Procedure, a party may ask another party to admit or deny the truth of relevant matters relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). A responding party must respond to each request by admitting it (in whole or in part), denying it, explaining why he is unable to admit or deny it, or objecting to it. Fed. R. Civ. P. 36(a)(4). A responding party may qualify an answer. Id. If an objection is asserted, the responding party must state "[t]he grounds for objecting." Fed. R. Civ. P. 36(a)(5).

The purpose of Rule 36 is to "reduce trial time" by narrowing the issues in dispute. See Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment. An admission can "facilitate proof" or narrow the issues for trial. Id. "The very purpose of the request is to ascertain whether the answering party is prepared to admit [it] or [considers] the matter as presenting a genuine issue for trial." Id. The Eleventh Circuit has commented on the purpose of Rule 36 and its appropriate use as a litigation tool: "Essentially, Rule 36 is a time-saver, designed 'to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial.'" Perez v. Miami-Dade Cty., 297 F.3d 1255, 1268 (11th Cir. 2002) (emphasis omitted). As such, Rule 36 is not

4

"[s]trictly speaking . . . a discovery procedure." 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2253 (3d ed.). See also Rebman v. Follett Higher Educ. Grp., Inc., No. 606-CV1476-ORL-28KRS, 2008 WL 3928793, at *1 (M.D. Fla. Aug. 26, 2008) ("The rule is not designed to discover facts, but to obtain admission of facts as to which there is no real dispute and which the adverse party can admit without qualification.") (internal citation omitted).

Rule 36 prohibits an objection on the basis that a "request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5). The proper response, rather, would be a denial. See Fed. R. Civ. 37(c)(2)(C) (noting a responding party may deny a fact if the party has "a reasonable ground to believe that it might prevail on the matter"). See also Perez, 297 F.3d at 1269 (noting Rule 37 implicitly suggests that "issues obviously subject to dispute should be resolved at trial, not in a discovery motion) (emphasis in original).

Rule 36 provides no guidance on the types of objections that are legitimate. See Fed. R. Civ. P. 36(a)(5). Some courts and commentators have concluded a request is objectionable if it is expressed in terms that would fail to elicit a direct "yes" or "no" response; includes vague or ambiguous terms; is a compound question; requires the responding party to speculate; or includes half-truths, requiring the responding party to qualify a response.

See, e.g., Cutino v. Untch, 303 F.R.D. 413, 415–16 (S.D. Fla. 2014) ("[A] party is not required to respond to a request that contains vague or ambiguous statements."); Rebman, 2008 WL 3928793, at *1 (noting requests for admissions should not be vague, ambiguous, or call for speculation). See also Afremov v. Sulloway & Hollis, PLLC, No. CV 09-3678 (PJS/JSM), 2012 WL 12981664, at *3 (D. Minn. Apr. 2, 2012) ("A request should not state 'half a fact' or 'half-truths' which require the answering party to qualify responses." (internal quotation marks omitted)); Wright & Miller, supra, § 2258 ("Each request for an admission should be phrased simply and directly so that it can be admitted or denied without explanation.").

First, Plaintiff objects to Defendants Lee's and Kopinski's responses to requests #7 and #4, respectively, because Plaintiff finds the responses "evasive." See Doc. 30 at 2; Doc. 32 at 2.

Request #7 to Lee; #4 to Kopinski:

> Plaintiff was actively resisting arrest when Plaintiff fled from Defendant Officer Smith on April 27, 2015 within the meaning of [FBPD] General Order 2-3 II, G.

Doc. 30 at 1; Doc. 32 at 1.

Defendants' Responses:

> Admitted that Plaintiff was actively resisting arrest when Plaintiff fled from Officer Smith on April 27, 2015. FBPD 2-3.3 in effect at the time of the incident with Plaintiff does not include a Subsection G within Section II;

6

>           therefore, [Defendants] cannot admit or deny
>           the remainder of the request for admission.

Doc. 30 at 1; Doc. 32 at 1.

Defendants appropriately responded to these requests under Rule 36(a)(4). Defendants admitted the request in part and explained why they were unable to admit or deny the remainder. Thus, Plaintiff's motions are due to be denied as to request #7 to Defendant Lee and #4 to Defendant Kopinski.

Second, Plaintiff argues Defendants' objections to some of his requests are "boilerplate" insofar as the objections are not made with "specificity." <u>See</u> Doc. 30 at 4; Doc. 32 at 5. The requests, some of which are directed only to Defendant Kopinski, fall into four general categories: (1) requests about FBPD procedures; (2) requests about Defendant Smith's actions; (3) requests about the ditch; and (4) requests about whether the Defendant-officers could have disabled Plaintiff's truck instead of shooting him.

1. Requests about FBPD procedures

<u>Request #27 to Lee; #22 to Kopinski:</u>

>           Following FBPD 2-34 II procedures for the
>           approach of the black truck after it crashed
>           would have more probable [sic] than not
>           resulted in Plaintiff not being shot in the
>           head or losing his left eye.

Doc. 30 at 2; Doc. 32 at 2.

Request #28 to Lee; #24 to Kopinski:

>     Following FBPD 2-34 II, procedures for the
>     approach of the black truck after it crashed
>     would have more probable [sic] than not
>     permitted Defendant Officer Smith and your
>     superiors the time necessary to create a
>     workable plan for Plaintiff's apprehension
>     without the use of deadly force.

Doc. 30 at 2; Doc. 32 at 2-3.

Request #23 to Kopinski:

>     Following FBPD 2-34 II, procedures for the
>     approach of the black truck and Plaintiff's
>     apprehension would have more likely than not
>     resulted in a more amicable resolution of the
>     situation.

Doc. 32 at 2.

Defendants' Responses:

>     [Defendants] object[] to th[ese] request[s] as
>     argumentative, vague, and calling for
>     speculation.

Doc. 30 at 2; Doc. 32 at 2-3.

Defendants' objections to Plaintiff's requests about FBPD procedures are sustained. Plaintiff's requests ask Defendants to speculate on a likely alternative outcome given unspecified facts. And the requests presume FBPD general order 2-34 applied to the car chase and, if it did, that Defendants did not follow it. Upon review, general order 2-34 appears to apply to routine traffic stops. The incident Plaintiff describes in his complaint was not a routine traffic stop. Rather, Plaintiff, a felony suspect, admittedly was fleeing from the police.

As Defendants argue, even if general order 2-34 governed the incident at issue in this case, what it means to "follow" the order is vague given the language in the order speaks to aspirational standards: "officers should" stop vehicles in "well-lighted" public areas and "out of the traffic flow," if "available" or "possible." See Doc. 33-2 at 1. The general order provides as a preamble that "officers should utilize [the] procedures when possible, with the knowledge that each step of the procedure may not be able to be followed based on the general circumstances of the stop." Id.

Finally, what Plaintiff means by "workable plan" or "amicable resolution" is vague under the circumstances. This case is not about a contract dispute. Defendants were actively pursuing a robbery suspect, and the general order Plaintiff references does not require officers to develop a "workable plan" or reach an "amicable resolution" with suspects in such situations. Thus, Plaintiff's motions are due to be denied as to his requests for admissions ##27 and 28 to Defendant Lee and ##22, 23, and 24 to Defendant Kopinski.

2. Requests about Defendant Smith's actions.

Request #47 to Lee; #28 to Kopinski:

> Defendant Officer Smith's running up to the black truck's driver's side door placed [Smith] in great danger especially if Plaintiff would have had a firearm or other weapon.

Doc. 30 at 2-3; Doc. 32 at 3.

Defendants' Responses:

> [Defendants] object[] to this request as
> argumentative, vague, and calling for
> speculation.

Doc. 30 at 3; Doc. 32 at 3.

Defendants' objections are sustained. What Plaintiff means by
"great danger" is vague under the circumstances. Officers
approaching fleeing suspects are always in danger, whether a
suspect is armed or not. Moreover, Plaintiff does not explain how
a response would limit the issues for trial. Thus, Plaintiff's
motion is due to be denied as to the requests about Defendant
Smith's actions.

3. Requests about the angle of the ditch.

Request #52 to Lee; #37 to Kopinski:

> The ditch's shoulder angle was at least at a
> 45-degree angle decline.

Doc. 30 at 3; Doc. 32 at 4.

Defendants' Responses:

> [Defendants] object[] to this request as vague
> and ambiguous.

Doc. 30 at 3; Doc. 32 at 4.

Defendants' objections to the request about the angle of the
ditch are overruled. Based on Plaintiff's allegations, it is clear
what he means by the "ditch's shoulder angle." In his complaint,
Plaintiff alleges the driver's side door closed on its own "because

of the truck's positioning in the ditch." <u>See</u> Am. Compl. ¶¶ 43, 44. And both Defendants Lee and Kopinski, in their answers, admitted this allegation. <u>See</u> Doc. 17 ¶ 129 (Lee's Answer); Doc. 18 ¶¶ 97, 98 (Kopinski's Answer). Thus, under Rule 36(a)(6), the Court will direct Defendant Lee to provide an amended response to request #52 and Defendant Kopinski to provide an amended response to request #37.

4. Requests about the feasibility of disabling Plaintiff's truck.

<u>Request #60 to Kopinski:</u>

> Disabling the truck by shooting out its tires was a more reasonable way to preserve life than shooting the driver was.

Doc. 32 at 4.

<u>Defendant Kopinski's Response:</u>

> Kopinski objects to this request because it is vague and calls for speculation. Notwithstanding and without waiving said objections, denied.

<u>Id.</u>

<u>Request #68 to Lee; #63 to Kopinski:</u>

> On April 27, 2015, after the black truck wrecked in the ditch but before Defendant Officer Smith fired his two shots into the driver's side window, both the front and rear driver's side tires were readily available to be flattened via two .40 caliber rounds to ensure the vehicle remained stationary.

Doc. 30 at 3; Doc. 32 at 3.

11

Request #69 to Lee; #64 to Kopinski:

As of April 27, 2015, no procedures or
policies existed that would have prohibited
Defendant Officer Smith or any other officer
that was on the scene to disable the vehicle
by shooting the tires to flatten them and
render the vehicle inoperable or stationary.

Doc. 30 at 3; Doc. 32 at 3.

Defendants' Responses:

[Defendants] object[] to th[ese] request[s]
because [they are] argumentative and call[]
for speculation.

Doc. 30 at 3; Doc. 32 at 3.

Request #57 to Kopinski:

On April 27, 2015, after the black truck
wrecked in the ditch, shooting the front
driver's side tire would have disabled the
black truck sufficiently to keep it from
exiting the ditch on its own.

Doc. 32 at 4.

Defendant Kopinski's Response:

Kopinski objects to this request because it
calls for speculation.

Id.

Request #58 to Kopinski:

On April 27, 2015, after the black truck
wrecked in the ditch, disabling the truck was
an available option.

Id.

    <u>Defendant Kopinski's Response:</u>

        Kopinski objects to this request because it is vague, ambiguous, and calls for speculation.

<u>Id.</u>

    <u>Request #59 to Kopinski:</u>

        On April 27, 2015, after the black truck wrecked in the ditch, shooting the front driver's side tire to disable the truck was an available option.

<u>Id.</u>

    <u>Defendant Kopinski's Response:</u>

        Kopinski objects to this request because it is vague and calls for speculation.

<u>Id.</u>

Defendant Kopinski appropriately responded to request #60 under Rule 36(a)(4). Though Defendant Kopinski objected to the request, he denied it. Thus, Plaintiff's motion (Doc. 32) is due to be denied as to request for admission #60.

As to requests #69 to Lee and #64 to Kopinski, the Court overrules Defendants' objections. Whether a procedure or policy existed on the date in question that would have prohibited shooting Plaintiff's tires is capable of a "yes" or "no" response, even if the response requires qualification. The request does not call for speculation, and even if it is argumentative, an objection is not warranted under Rule 36(a)(6). Plaintiff's motion is due to be

denied as to these requests, and the Court will direct Defendants Lee and Kopinski to amend their responses.

As to the remaining requests, the Court sustains Defendants' objections. Plaintiff's requests require Defendants to speculate, with the benefit of hindsight, whether a different approach to apprehending him, a fleeing robbery suspect, was feasible under the circumstances. According to Plaintiff, the Defendant-officers did not shoot his truck's tires or take other actions to disable the truck. See generally Am. Compl. Asking Defendants to speculate whether such actions would have been feasible or more appropriate under the circumstances will not narrow the issues for trial.

Accordingly, it is now

**ORDERED:**

1.    Plaintiff's motion to compel Defendant Lee to provide adequate responses to Plaintiff's requests for admissions (Doc. 30) is **granted in part** and **denied in part**. The motion is **granted** to the extent the Court directs Defendant Lee to amend his responses to Plaintiff's requests for admissions ##52 and 69. In all other respects, the motion is **denied.**

2.    Plaintiff's motion to compel Defendant Smith to provide adequate responses to Plaintiff's requests for admissions and production (Doc. 31) is **denied as moot.**

3.    Plaintiff's motion to compel Defendant Kopinski to provide adequate responses to Plaintiff's requests for admissions

14

and production (Doc. 32) is **granted in part** and **denied in part**.
The motion is **granted** to the extent the Court directs Defendant
Kopinski to amend his responses to Plaintiff's requests for
admissions ##37 and 64. The motion is **denied as moot** as to
Plaintiff's request for production #19. In all other respect, the
motion is **denied**.

4.    Defendants Lee and Kopinski must serve amended responses
to the referenced requests for admissions within **twenty days** of
the date of this Order.

5.    If Plaintiff finds Defendant Smith's amended responses
to his requests for admissions and production to be inadequate
under the applicable Federal Rules of Civil Procedure, he may file
an appropriate motion by **May 29, 2020.**

6.    Plaintiff must respond to Defendants' motions for
summary judgment (Docs. 37, 38) by **May 22, 2020,** per the Court's
order setting deadlines. See Order (Doc. 29).

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of
April 2020.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Jax-6

c:
Randy Lingelbach
Counsel of Record

15